**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DR. EBONI C. JANUARY and<br>EJKJ, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>INVASIX, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:20-CV-01203-JAR<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Motions to Dismiss filed by Defendants Balboa Capital Corporation ("Balboa") (Doc. 41), Stearns Bank National Association ("Stearns Bank") (Doc. 43), and Invasix, Inc. ("InMode"). (Doc. 45). Each motion is fully briefed and ready for disposition. The motions concern related transactions and are appropriately addressed in one Memorandum and Order. For the reasons discussed below, the motions will be granted.

**I.   BACKGROUND**

Dr. Eboni C. January is a licensed physician and the sole member of EJKJ, LLC ("EJKJ"). (Doc. 32 at ¶ 1; Doc. 21). In February 2019, a representative of InMode contacted Dr. January and asked whether she would be interested in purchasing body contouring equipment. (Doc. 32 at ¶¶ 8-9). At subsequent meetings with InMode representatives, Dr. January explained that she and a colleague were interested in starting a new business to address vaginal and skin looseness, a common complaint among their patients. (*Id.* at ¶ 18). On March 1, 2019, EJKJ executed Customer Purchase Agreements ("Purchase Agreements") with InMode to acquire Optimas and Contoura equipment for the prices of $135,000 and $80,000 respectively. (Doc. 32 at ¶ 24; Doc. 32-1; Doc.

32-2). In connection with the purchase of the Optimas equipment, EJKJ entered into an Equipment Finance Agreement ("Finance Agreement") with Balboa. (*Id.* at ¶ 25; Doc. 32-3).[1] A few months later, after attending a conference at which experts (allegedly compensated by InMode) touted the product, EJKJ purchased a Body-Tite RFAL Workstation from InMode for $138,786.58. (*Id.* at ¶¶ 27-31). To finance this purchase, EJKJ executed a lease agreement ("Lease Agreement") with Stearns Bank. (*Id.* at ¶ 32; Doc. 32-5).

This litigation soon followed. Plaintiffs allege that the equipment burned patients of darker complexion and that Defendants made fraudulent representations which induced Plaintiffs into purchasing the equipment and entering the Finance and Lease Agreements. (*Id.* at ¶¶ 34-40). Plaintiffs' Amended Complaint includes claims of fraud against all Defendants (Count I) and breach of contract against InMode (Count II). Each Defendant argues that this case should be dismissed because the applicable contract contains an enforceable forum-selection clause.[2] Plaintiffs generally respond that the forum-selection clauses are unenforceable because the contracts were procured by fraud. (Docs. 48, 53, 59).

## II.    LEGAL STANDARD

*Forum non conveniens* is the proper mechanism to enforce a forum-selection clause. *Atl. Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 60 (2013). The doctrine of *forum non conveniens* "permits a court to decline jurisdiction even though venue and jurisdiction are proper" because "the action should instead be tried in another judicial forum."

---

[1] Plaintiff also entered into an Equipment Finance Agreement with Pawnee Leasing Corporation ("Pawnee") for the purchase of the Contoura equipment. Pawnee was initially named as a Defendant but has since been voluntarily dismissed by Plaintiffs. (Doc. 40).

[2] Stearns Bank also argues that Plaintiffs have failed to properly plead fraud and that Plaintiffs' claims are factually baseless. (Doc. 44 at 3-8). Because this Court finds that the forum-selection clause is enforceable and the case should be dismissed pursuant to the doctrine of *forum non conveniens*, it will not address these arguments.

*Mizokami Bros. of Ariz. v. Mobay Chem. Corp.*, 60 F.2d 712, 717 (8th Cir. 1981) (quoting *Dahl v. United Techs. Corp.*, 632 F.3d 1027, 1029 (3d Cir. 1980)). 28 U.S.C. § 1404, meanwhile, is "merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Const. Co.*, 571 U.S. at 60. A district court has broad discretion when determining whether to grant a motion to dismiss for *forum non conveniens*. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). "[W]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine Const. Co.*, 571 U.S. at 66. An enforceable forum-selection clause accordingly alters the standard calculus applicable to *forum non conveniens*, as the court may not consider the parties' private interests. *Id.* at 64. To overcome a valid forum-selection clause, the party must show that the public-interest factors "overwhelmingly disfavor a transfer." *Id.* at 67. While it is "conceivable in a particular case" that a district court would refuse dismissal or transfer despite an enforceable forum-selection clause, "such cases will not be common." *Id.* at 64 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988)).

### III.     JURISDICTION AND CHOICE OF LAW

This Court has jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332. In diversity cases, it "appears to be an open question" whether courts in the Eighth Circuit should apply state or federal law to determine the enforceability of a forum-selection clause. *Nicolais v. Balchem Corp.*, No. 4:14-CV-1936 CAS, 2015 WL 6436747, at *2 (E.D. Mo. Oct. 22, 2015). The

Eighth Circuit has, however, "indicated its general agreement with the proposition that in a diversity case federal law controls whether a forum selection clause applies." *Id.* (citing *Ranforest Café, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003)). In the alternative, courts have assessed the issue under both Missouri and federal law. *See Kleiman v. Kings Point Capital Mgmt.*, No. 4:17-CV-2278 HEA, 2018 WL 3328012, at *3-4 (E.D. Mo. July 6, 2018).

InMode and Balboa have addressed the issue and contend that there is no relevant conflict between Missouri and federal law. (Doc. 47 at 6 n.2; Doc. 42 at 9). Plaintiffs have, without explanation, applied only federal law in their responses to InMode and Stearns Bank but applied Missouri law in their response to Balboa. (Doc. 53 at 2-3; Doc. 48 at 2-3). Following the decision in *Kleiman*, this Court will analyze Balboa's motion under both federal and Missouri law in accordance with the parties' briefing. Because dismissal is warranted under both federal and Missouri law, there is no material conflict.

## IV.   DISCUSSION

### A.   FORUM-SELECTION CLAUSES

This case presents a relatively common scenario: a party enters a contract containing a forum-selection clause and seeks to avoid enforcement of the clause by arguing that the contract was procured by fraud. The Purchase Agreements, Finance Agreement, and Lease Agreement contain forum-selection clauses requiring that litigation be pursued in Delaware, California, and Minnesota respectively. Despite these clauses, Plaintiffs chose to file suit against Defendants in Missouri state court. (Doc. 1-2). Defendants all seek dismissal on the basis of the applicable contract's forum-selection clause.

As to each Defendant's motion to dismiss, this Court must consider two questions: First, does the forum-selection clause apply to Plaintiffs' claims? Plaintiffs allege that all Defendants

committed fraud (Count I) and that InMode breached the Purchase Agreements (Count II). On Count I, the Eighth Circuit has held that "[w]hether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 668, 693 (8th Cir. 1997) (quoting *Berrett v. Life Ins. Co. of the Southwest*, 623 F. Supp. 946, 948-49 (D. Utah 1985)). Courts in this circuit have found that the parties intended broad forum-selection clauses to apply to tort claims where (1) the tort claims ultimately depend on the existence of a contractual relationship between the parties; (2) resolution of the tort claims relates to interpretation of the contract; or (3) the tort claims involve the same operative facts as a parallel claim for breach of contract. *Kleiman*, 2018 WL 3328012, at *3 (citing *id.*). The Missouri Supreme Court has stated that "whether a forum selection clause . . . also reaches non-contract claims 'depends on whether resolution of the claims relates to interpretation of the contract.'" *Reed v. Reilly Co.*, 534 S.W.3d 809, 811 (Mo. banc 2017) (quoting *Major v. McCallister*, 302 S.W.3d 227, 231 (Mo.App. 2009)).

Second, is the clause enforceable? A forum-selection clause is "enforceable unless it is invalid or enforcement would be unreasonable and unjust." *Dominium Austin Partners v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). The Eighth Circuit has held that a "forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion." *Marano Enters. of Kansas v. Z-Teca Rests., L.P*, 254 F.3d 753, 757 (8th Cir. 2001) (emphasis in original) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)); *see also M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) ("Franchisees only allege a belief that that contracts were procedure by fraud, however, and they have not alleged that the forum selection clause was itself a product of fraud."). In *Marano*, the court determined that the "general allegation by

[plaintiff] that it was induced by fraud to enter into the . . . agreements is insufficient to raise an issue that the forum-selection clauses within those agreements may be unenforceable because of fraud." *Id.* Therefore, Plaintiffs must demonstrate that the forum-selection clauses specifically, as opposed to the agreement as a whole, were procured by fraud.

Plaintiffs offer an alternative interpretation of Eighth Circuit precedent. Relying on *Farmland Industries v. Frazier-Parrott Commodities, Inc.*, Plaintiffs argue that a forum-selection clause will not be enforced if fraudulent inducement as to the entire agreement has been plausibly alleged. 806 F.2d 848 (8th Cir. 1986); *see also Hoffman v. Minute Press Int'l*, 747 F. Supp. 552 (W.D. Mo. 1990) (relying heavily on *Farmland Industries*). Plaintiffs fail to acknowledge, however, that the Eighth Circuit's analysis of this issue in *Farmland Industries* is no longer good law per the decision in *Marano*. Courts in this circuit have already reached the same conclusion. *See Marano*, 119 F.3d at 694 (noting that *Farmland Industries* is "limited to its facts"); *Bendfeldt v. Window World, Inc.*, No. 8:15CV377, 2017 WL 2772351, at *2 n.2 (D. Neb. Jan. 4, 2017) ("[T]he court's holding in [*Farmland Industries*] that fraudulent inducement with respect to signing a contract vitiated forum selection clauses is not good law."); *Integrated Molding Concepts, Inc. v. Stopol Auctions, L.L.C.*, No. 06-5010 (PSJ/RLE), 2007 WL 2263927, at *6 (D. Minn. Aug. 6, 2007) (applying *Marano* over *Farmland Industries*).[3] As this Court has previously stated, "general allegations of fraud in the inducement are insufficient to raise an issue that the forum-selection clause may be unenforceable because of fraud." *Elliott v. Manhattan Cryobank,*

---

[3] The Court also notes that *Farmland Industries* is distinguishable because it involved a fiduciary relationship. "However, we believe that in a situation where a fiduciary relationship (such as between a commodities broker and its customer) is created by a contract tainted by fraud, the person defrauded can not be held to the contractual forum selection clause." *Farmland Indus.*, 806 F.2d at 851.

*Inc.*, No. 4:19-CV-190 JAR, 2019 WL 1318565, at *2 (E.D. Mo. Mar. 22, 2019) (citing *Marano*, 254 F.3d at 757).

### B. INMODE

EJKJ executed Purchase Agreements with InMode to acquire the Optimas and Contoura equipment. (Docs. 32-1; 32-2). Both Purchase Agreements include a representation that the purchaser "has read, understands, and accepts the terms of this [Purchase Agreement], the Terms and Conditions Addendum, which is available at www.inmodemd.com/terms-US/ and incorporated herein by reference, and a Personal Guaranty, if required." (*Id.*). The Terms and Conditions Addendum contains the following key language:

> 9. **Venue for all disputes.** [EJKJ] agrees that in the event there is any dispute arising out of, or relating, to the [ ] Purchase Agreement and these Terms and Conditions, the venue for any such dispute will be the State of Delaware, which shall have sole jurisdiction for any dispute. (Doc. 47-1 at ¶ 9).[4]

The Court finds that this forum-selection clause is unambiguously mandatory because it provides that the state of Delaware "shall have sole jurisdiction." *See Dunne v. Libra*, 330 F.3d 1062, 1064 (8th Cir. 2003) (explaining that mandatory forum-selection clauses employ terms like "exclusive," "shall," and "only"). The clause also has broad scope, applying to any dispute "relating" to the Purchase Agreements. It is unquestionable that Plaintiffs' claims here relate to the Purchase Agreements.[5] Therefore, the forum-selection clause applies to Plaintiffs' claims against InMode and, if enforceable, mandates dismissal or transfer.

---

[4] Plaintiffs do not dispute that the Terms and Conditions Addendum was properly incorporated as part of the Purchase Agreements. "[M]atters incorporated into a contract by reference are as much a part of the contract as if they had been set out in the contract in haec verba." *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods., Inc.*, 887 F.3d 413, 415-16 (8th Cir. 2018) (quoting *Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 435 n.5 (Mo. banc 2003)).

[5] Plaintiffs have not argued that the forum-selection clause cannot apply to their tort claim against InMode.

Plaintiffs make one argument in response: "Plaintiffs' allegations of fraudulent inducement into the [Purchase Agreements] prevent this Court from enforcing the [f]orum selection clause." (Doc. 53 at 2). Citing *Farmland Industries* and *Hoffman*, Plaintiffs repeatedly claim that "it makes no logical sense for this Court to enforce a clause in a contract which Plaintiffs seek rescission of." (*Id.* at 3). As explained above, however, a general allegation of fraudulent inducement is insufficient to challenge the enforceability for an otherwise valid forum-selection clause. *See Manhattan Cryobank*, 2019 WL 1318565, at *2. The Missouri Supreme Court has reached the same conclusion. *Reed v. Reilly Co.*, 534 S.W.3d 809, 812 n.3 (Mo. banc 2017) ("The validity of a forum selection clause is independent from the validity of the agreement to which it belongs."). Whether or not it makes logical sense to Plaintiffs, that is the law of this jurisdiction.

At no point in this litigation have Plaintiffs alleged that they were fraudulently induced into accepting the forum-selection clause specifically. Therefore, the Purchase Agreements' mandatory forum-selection clause applies to Plaintiffs' claims against InMode and is enforceable. Plaintiffs have not identified any public interest factors or other exceptions which suggest this Court should accept jurisdiction despite the presence of an enforceable forum-selection clause. Plaintiffs will not be deprived of their day in court because they are free to file suit in Delaware, and there is no evidence that enforcement of the clause would contravene public policy. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Therefore, Delaware is the proper jurisdiction for Plaintiffs' claims against InMode, and dismissal is warranted.

C. <u>BALBOA</u>

In connection with its purchase of the Optimas equipment from InMode, EJKJ entered into a Finance Agreement with Balboa. The Finance Agreement includes the following clause:

> You submit to the jurisdiction of CA and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, shall have exclusive jurisdiction over any action or proceeding to enforce this [Finance Agreement] or any action or proceeding arising out of this [Finance Agreement]. You waive any objection based on improper venue and/or forum non-conveniens. (Doc. 42-1).

Balboa's forum-selection clause is clearly mandatory, as it provides that California "shall have exclusive jurisdiction." *See Appistry, Inc. v. Amazon.com, Inc.*, No. 4:13-CV-2547 HEA, 2015 WL 881507, at *2 (E.D. Mo. Mar. 1, 2015) ("The use of the term 'exclusive' makes clear that this is a mandatory forum selection clause, rather than a permissive forum selection clause."). Balboa has already filed suit in California alleging breach of the Finance Agreement by EJKJ, among other claims. (Doc. 42 at ¶ 9).

Plaintiffs' sole argument in response to Balboa's motion is that the forum-selection clause "does not apply to Plaintiffs' tort action of fraud." (Doc. 48 at 2).[6] Specifically, Plaintiffs argue that the fraud claim does not depend upon any interpretation of the contract because they are claiming fraudulent inducement. As discussed above, this Court will address this question under both federal and Missouri law (as Balboa has done).[7]

Under federal law, a forum-selection clause will apply to a tort claim if (1) the tort claim ultimately depends on the existence of a contractual relationship between the parties; (2) resolution

---

[6] Plaintiffs briefly contend that if they "were fraudulently induced into making this contract, then enforcing a clause in the contract makes no logical sense." (Doc. 48 at 4). For the same reasons discussed in relation to the Purchase Agreements with InMode, this general fraudulent inducement claim is insufficient to demonstrate that the Finance Agreement's forum-selection clause is unenforceable.

[7] While Balboa applies Missouri law, the Court notes that the Finance Agreement expressly provides that it is governed by California law. (Doc. 42-1). The parties have ignored this choice of law provision, but this Court would reach the same conclusion if it were to apply California law. *See Stan McClain Inc. v. Smith-Gardner*, No. B149630, 2002 WL 654130, at *3 (Cal.App. Apr. 22, 2002) (holding forum-selection clause was applicable to fraudulent inducement claim); *see also Nedlloyd Lines B.V. v. Superior Ct. of San Mateo Cty.*, 834 P.2d 1148, 1154 (Cal. banc 1992) ("When a rational businessperson enters into an agreement establishing a transaction or relationship and provides that disputes arising from the agreement shall be governed by the law of an identified jurisdiction, the logical conclusion is that he or she intended that law to apply to *all* disputes arising out of the transaction or relationship.").

of the tort claim relates to interpretation of the contract; or (3) the tort claim involves the same operative facts as a parallel claim for breach of contract. *Kleiman v. Kings Point Capital Mgmt.*, No. 4:17-CV-2278 HEA, 2018 WL 3328012, at *3 (E.D. Mo. July 6, 2018) (citing *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 668, 693 (8th Cir. 1997)). The Missouri Supreme Court appears to have primarily adopted only the second *Terra Int'l* test. *Id.* at *4 ("[S]tandard utilized in *Reed* was also used by the Eighth Circuit as the 'second test' in *Terra Int'l*.").

The distinction between federal and Missouri law is immaterial because this Court finds that Plaintiffs' fraud claim relates to the interpretation of the contract.[8] As Balboa notes, "the only relationship between Plaintiffs and Balboa is the contractual relationship set forth in the [Finance Agreement]," and "any potential liability on behalf of Balboa would relate to the interpretation of" the Finance Agreement. (Doc. 42 at 7). Plaintiffs respond that they "are not asking this [C]ourt to interpret any clause" in the Finance Agreement because they are claiming they were fraudulently induced into entering the contract.

Plaintiffs cannot avoid enforceability of the forum-selection clause on this basis, however. In *Kleiman*, the court applied Missouri law and found that the plaintiff's negligent performance claim was "necessarily intertwined" with the duties and liabilities of the defendants. *Kleiman*, 2018 WL 3328012, at *4. Addressing this issue recently, the Missouri Supreme Court concluded that though plaintiff's tort claims "were not expressly based upon the agreement, resolution of his claims would necessarily require an inquiry into the terms *and enforceability* of the agreement." *Reed*, 534 S.W.3d at 811 (emphasis added). Describing *Reed*, a Western District of Missouri court noted that "the Missouri Supreme Court recently enforced a forum selection clause in advance of

---

[8] The Court also agrees with Balboa that the other *Terra Int'l* tests could justify application of the forum-selection clause to Plaintiffs' fraud claim under federal law. Plaintiffs have not challenged this argument as they have only applied Missouri law.

a determination of the enforceability of the agreement." *Johnson v. C-H Robinson Co.*, No. 17-848-CV-W-HFS, 2018 WL 3546468, at *2 (W.D. Mo. July 18, 2018).

At least one Missouri court has addressed this precise issue. In *Raydiant Tech., LLC v. Fly-N-Hog Media Grp., Inc.*, the plaintiff alleged fraudulent inducement to avoid enforcement of the forum-selection clause. 439 S.W.3d 238 (Mo.App. 2014) (applying Arkansas and Missouri law). The court specifically found that plaintiff's fraudulent inducement claim "arise[s] out of or [is] related to the contract, so [it is] within its forum selection clause." *Id.* at 240. The plaintiff's "contention that these contract provisions do not reach a tort claim of fraud either overlooks or misreads our opinion in *Major*." *Id.* (citing *Major v. McCallister*, 302 S.W.3d 227, 229 n.3 (Mo.App. 2009)).

The Finance Agreement's forum-selection clause applies to all actions "arising out of" the contract. It is clear, and Plaintiffs do not dispute, that federal law would recognize application of this provision to Plaintiffs' tort claim pursuant to the *Terra Int'l* tests. This Court also predicts that the Missouri Supreme Court would find that Plaintiffs' fraud claim is covered by the forum-selection clause, especially in light of *Raydiant Tech*. Critically, Plaintiffs do not merely allege fraudulent inducement and do not only seek rescission of the Finance Agreement. Instead, Plaintiffs also request $856,000 in compensation for injuries incurred and punitive damages against Balboa. (Doc. 32 at 9). Count I is titled "Fraud," not "Fraudulent Inducement." (*Id.* at 1).[9] Balboa and Plaintiffs are already litigating a claim for breach of the Finance Agreement in state court in California. (Doc. 42 at ¶¶ 9, 14). Resolution of Plaintiffs' fraud claim against Balboa will necessarily require consideration of the Finance Agreement, which is the only document

---

[9] Stearns Bank, for example, has interpreted Count I as a fraudulent misrepresentation claim. (Doc. 44 at 1 n.1). Plaintiffs have not explicitly disputed this characterization.

underlying the parties' relationship. The broad, enforceable forum-selection clause in the Finance Agreement applies to Plaintiffs' fraud claim and requires dismissal.

### D.  STEARNS BANK

EJKJ entered into a Lease Agreement with Stearns Bank in order to finance its purchase of the Body-Tite RFAL Workstation. (Doc. 32-5). The Lease Agreement includes the following language:

> **13. MINNESOTA LAW; VENUE; JURY WAIVER**. This Contract is governed by MN law. You agree to only file a claim that includes [Stearns Bank] in Minnesota, & you agree to be subject to suit in MN. (*Id.* at ¶ 13).

Stearns Bank, like the other Defendants, argues that the forum-selection clause requires dismissal pursuant to the doctrine of *forum non conveniens*. Plaintiffs' response to this argument is very brief and can be quoted in full:

> Rather than reiterate here what Plaintiffs' arguments are with regard to the enforceability of Defendant Stearns Bank[']s forum selection clause, Plaintiff[s] refer[] this Court to the Memorandum in Opposition to Defendant [InMode's] Motion to Dismiss or in the Alternative Transfer Venue. Plaintiff incorporates by reference as if fully set forth herein that memorandum. The analysis of Hoffman v. Minuteman Press International, Inc., 747 F. Supp. 552 (W.D. Mo. 1990) equally applies here. Where a contract is alleged to be fraudulently induced, the forum selection clause should not be enforced. (Doc. 59-1 at 4).

As discussed above in reference to the Purchase Agreements, Plaintiffs have simply misstated the relevant precedent. It is not true that a forum-selection clause should not be enforced "where a contract is alleged to be fraudulently induced." Instead, it has been established that "general allegations of fraud in the inducement are insufficient to raise an issue that the forum-selection clause may be unenforceable because of fraud." *Elliott v. Manhattan Cryobank, Inc.*, No. 4:19-CV-190 JAR, 2019 WL 1318565, at *2 (E.D. Mo. Mar. 22, 2019); *see also Reed*, 534 S.W.3d

at 812 n.3 ("The validity of a forum selection clause is independent from the validity of the agreement to which it belongs.").[10]

The Lease Agreement contains an enforceable forum-selection clause requiring that Plaintiffs' claims against Stearns Bank be pursued in Minnesota. Plaintiffs have not identified any public interest factors warranting an exception to the enforcement of a valid forum-selection clause. Therefore, this Court declines to exercise jurisdiction over Plaintiffs' claims against Stearns Bank pursuant to the doctrine of *forum non conveniens.*

## V.   CONCLUSION

Plaintiffs executed multiple contracts containing mandatory forum-selection clauses. Each Defendant has appropriately sought dismissal or transfer pursuant to such clauses. In this jurisdiction, Plaintiffs' general claim that they were fraudulently induced into entering the agreements is insufficient to avoid enforcement of the clauses. As to the Finance Agreement with Balboa specifically, the Court finds that the forum-selection clause is sufficiently broad to cover Plaintiffs' fraud claim under both federal and Missouri law. Plaintiffs have not identified any "extraordinary circumstances" suggesting this is one of the rare cases where a valid forum-selection clause should not be enforced. *Atl. Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 62 (2013). Rather than sever this case and transfer portions to federal court pursuant to 28 U.S.C. § 1404 while dismissing other portions, this Court believes it is more prudent to dismiss the entire case and permit Plaintiffs to file suit in the appropriate, contractually agreed upon forums if they so choose.

---

[10] Neither Plaintiffs nor Stearns Bank have addressed Minnesota law despite the Lease Agreement's choice of law language. The Court notes, for the sake of thoroughness, that it would reach the same conclusion applying Minnesota law. *See Gander Mountain Co. v. Lazard Middle Market, LLC*, No. A11-221, 2012 WL 118236, at *2 (Min.App. Jan. 17, 2012) (Plaintiff "has not demonstrated that it was somehow misled by the terms of the forum-selection clause or that it was forced to agree to it.").

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Dismiss filed by Defendants Balboa (Doc. 41) and InMode (Doc. 45) are **GRANTED** and the Motion to Dismiss filed by Defendant Stearns Bank (Doc. 43) is **GRANTED in part.** For the reasons previously stated, this case is hereby **DISMISSED without prejudice** pursuant to the doctrine of *forum non conveniens.*

Dated this 19th day of January, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE