UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. EBONI C. JANUARY and EJKJ, LLC | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Case No. 4:20-CV-01203-JAR |
| INVASIX, INC., et al., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Balboa Capital Corporation's ("Balboa") Motion for Attorneys' Fees. (Doc. 62). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be denied.

**I.    BACKGROUND**

Plaintiff Dr. Eboni C. January is a licensed physician and the sole member of Plaintiff EJKJ, LLC ("EJKJ"). (Doc. 21). On March 1, 2019, EJKJ executed Customer Purchase Agreements with Defendant Invasix, Inc. to acquire medical equipment. (Doc. 32 at ¶ 24; Doc. 32-1; Doc. 32-2). In connection with one of these purchases, EJKJ also entered into an Equipment Finance Agreement ("Finance Agreement") with Balboa. (*Id.* at ¶ 25; Doc. 32-3). Plaintiffs alleged that Balboa committed fraud when inducing Plaintiffs to execute the Finance Agreement, among other claims. (Doc. 32). On January 19, 2021, this Court dismissed Plaintiffs' claim against Balboa without prejudice under the doctrine of *forum non conveniens*, holding that the "broad, enforceable forum-selection clause in the Finance Agreement applies to Plaintiffs' fraud claim and requires

dismissal." (Doc. 61 at 12). Balboa now seeks attorneys' fees from Plaintiffs pursuant to the terms of the Finance Agreement.

## II.   LEGAL STANDARD

Missouri has adopted the American Rule. *Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269, 285 (Mo. banc 2019). Under Missouri law, attorneys' fees are "proper only when a contract or statute provides for the award, or when circumstances and equity require it, or where the fees are incurred because of participation in collateral litigation." *Structure and Design, Unlimited, Inc. v. Contemporary Concepts Bldg. and Design, Inc.*, 151 S.W.3d 904, 910 (Mo. Ct. App. 2004) (citation omitted); *see also* Fed. R. Civ. P. 54(d)(2).[1] If contractually permitted, a prevailing party may recoup attorneys' fees incurred enforcing the contract. *DocMagic, Inc. v. Mortg. P'ship of Am., L.L.C.*, 729 F.3d 808, 812 (8th Cir. 2013) (applying Missouri law).[2]

## III.   ANALYSIS

A.   <u>Attorneys' Fees Under the Finance Agreement</u>

The Finance Agreement between EJKJ and Balboa includes the following language:

> [Balboa] may sue for and recover from [EJKJ] . . . all other costs or expenses paid or incurred by [Balboa] at any time in connection with the execution, delivery, administration, amendment and enforcement or exercise of any of [Balboa's] rights and remedies under this [Finance Agreement], including, but not limited to, attorneys' fees and costs, whether or not litigation is commenced. (Doc. 32-3).

---

[1] Plaintiffs contend that Balboa's motion is untimely under Fed. R. Civ. P. 54(d)(2)(B)(i), which requires that motions for fees be filed within 14 days after the entry of judgment. Balboa correctly notes that this Court's local rules grant a party 21 days to file a motion for fees. E.D. Mo. L.R. 8.02. Balboa's motion was timely filed 20 days after this Court's order dismissing the case without prejudice.

[2] In accordance with the parties' briefing, this Court applies Missouri law. The Court notes, however, that the Finance Agreement includes a choice of law provision requiring the application of California law. (Doc. 32-3). Because this Court would reach the same decision under California law, there is no conflict. *See Kirby v. Immoos Fire Prot., Inc.*, 274 P.3d 1160, 1162 (Cal. 2012) (citation omitted) ("In general, a prevailing party may recover attorneys' fees only when a statute or an agreement of the parties provides for the fee shifting.").

The question before this Court is whether such language should be enforced to award fees where Balboa has merely obtained a dismissal without prejudice pursuant to the doctrine of *forum non conveniens* and the enforceability of the Finance Agreement remains subject to dispute. In various contexts, the Eighth Circuit has held that "[w]here an action is dismissed without prejudice, there is no 'prevailing party,' and thus, neither party is entitled to seek an award of attorney fees." *SnugglyCat, Inc. v. Opfer Commc'ns, Inc.*, 953 F.3d 522, 527 (8th Cir. 2020) (considering issue of fees under Lanham Act); *see also United States v. Thirty-two thousand eight hundred twenty dollars and fifty-six cents*, 838 F.3d 930, 936-37 (8th Cir. 2016) ("The district court's dismissal without prejudice did not materially alter the legal relationship of the parties."); *Advantage Media, L.L.C. v. City of Hopkins, Minn.*, 511 F.3d 833, 837 (8th Cir. 2008) (considering issue of fees under 42 U.S.C. § 1983).

While this Court is not aware of Missouri or Eighth Circuit precedent on the specific issue,[3] other courts have held that a defendant does not prevail when dismissal is obtained pursuant to the doctrine of *forum non conveniens*. *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) ("[W]e conclude that a defendant who successfully obtains a *forum non conveniens* dismissal is not a 'prevailing party' within the meaning of Rule 54(d)."); *see also Page v. Captain D's LLC*, No. 2:12-CV-105-KS-MTP, 2012 WL 5930611, at *9 (S.D. Miss. Nov. 27, 2012). *But see Bromley v. Mitchell*, 902 P.2d 797, 804 (Ala. 1995) (treating *forum non conveniens* as dismissal with prejudice "insofar as any adjudication in this court is concerned").

---

[3] In certain limited circumstances not applicable here, Missouri courts have been willing to find that the defendant is a prevailing party despite the dismissal being without prejudice. *See Motor Control Specialties, Inc. v. Lab. and Indus. Rel. Comm'n*, 323 S.W.3d 843, 854 (Mo. Ct. App. 2010) (citation omitted) ("A litigant may be the prevailing party even if he obtains a dismissal without prejudice of the cause against him when the plaintiff abandons the claim and the litigant thereby receives a benefit.").

3

This Court recognizes recent Supreme Court precedent, however, clearly finding that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016). The Supreme Court explained that a defendant has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* at 1651. The Second Circuit has suggested that it may need to reconsider *Dattner* in light of this holding. *See Manhattan Review LLC v. Yun*, 919 F.3d 149, 153 (2d Cir. 2019).

When ruling on Balboa's motion to dismiss, this Court made no judgment on the merits of Plaintiffs' fraud claim, which Plaintiffs remain free to pursue in the proper forum. The Court concluded by noting that "it is more prudent to dismiss the entire case and permit Plaintiffs to file suit in the appropriate, contractually agreed upon forums if they so choose." (Doc. 61 at 13). Balboa has not obtained a favorable decision on any underlying, substantive issue in this case, and the legal relationship between the parties has not been materially altered. *See Doe v. Nixon*, 716 F.3d 1041, 1048 (8th Cir. 2013). But Balboa did achieve its primary goal in this forum by obtaining dismissal pursuant to the doctrine of *forum non conveniens*, and incurred attorneys' fees in the process.

In these unique circumstances, this Court declines to require that Plaintiffs pay Balboa's legal fees. Plaintiffs alleged they were fraudulently induced into entering the Finance Agreement, which Balboa now seeks to enforce to obtain attorneys' fees. This Court granted Balboa's motion to dismiss because Plaintiffs did not specifically allege that they were fraudulently induced into accepting the forum selection clause. But the enforceability of the Finance Agreement remains subject to future litigation between the parties. It would be unreasonable at this point to enforce

the attorneys' fees clause in the Finance Agreement before any court has addressed Plaintiffs' fraudulent inducement claim on the merits.

Balboa argues that the Finance Agreement provides that "Balboa is entitled to bring a *separate action* to pursue attorneys' fees, if necessary." (Doc. 68 at 3) (emphasis added). Balboa remains able to bring such a separate action in the proper forum once the enforceability of the Finance Agreement has been substantively addressed or conceded by Plaintiffs. Moving forward, a court awarding attorneys' fees pursuant to the Finance Agreement may properly consider whether fees incurred by Balboa in this action should be included.

### B. Collateral Litigation Exception

Balboa also argues that it should recover fees under Missouri's collateral litigation exception. Under the collateral litigation exception to the American Rule, a plaintiff may recover fees expended in collateral litigation with a third party as a result of the defendant's wrongdoing. *Singer v. Siedband*, 138 S.W.3d 750, 754 (Mo. Ct. App. 2004). Critically, the collateral litigation must "have been with a party different than the defendant from whom the fees are sought as damages." *Id*. Simply put, the collateral litigation exception is inapplicable to this case. As Missouri courts have explained, the exception "allows a plaintiff, in a case alleging a breach of duty against a defendant, to recover the attorneys' fees plaintiff expended to defend a *different and collateral action brought by a third party*." *City of Cottleville v. St. Charles Cty.*, 91 S.W.3d 148, 151 (Mo. Ct. App. 2002) (emphasis added). Balboa is not the plaintiff here, and there does not appear to be any collateral litigation involving a third party. Therefore, the collateral litigation exception does not apply.

## IV.     CONCLUSION

Plaintiffs alleged that they were fraudulently induced into executing the Finance Agreement with Balboa. The Finance Agreement includes a forum selection clause requiring that all litigation be brought in the United States District Court for the Central District of California. (Doc. 32-3). This Court dismissed Plaintiffs' claims against Balboa without prejudice pursuant to the doctrine of *forum non conveniens* because Plaintiffs' suit should have been filed in the contractually agreed upon forum. (Doc. 61). This Court rejected Plaintiffs' claim that the forum selection clause could not be enforced where Plaintiffs have alleged fraudulent inducement as to the entire contract.

Balboa now seeks to enforce another provision of the Finance Agreement requiring Plaintiffs to pay attorneys' fees. Considering the Supreme Court's decision in *CRST Van Expedited, Inc.*, this Court acknowledges that a defendant who obtains dismissal pursuant to the doctrine of *forum non conveniens* may be considered the prevailing party in certain circumstances. In this particular case, however, the Court holds that it is inappropriate to award attorneys' fees pursuant to a contract when the enforceability of the contract remains in dispute.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Balboa Capital Corporation's Motion for Attorneys' Fees (Doc. 62) is **DENIED**.

Dated this 19th day of April, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE